## GRAND LODGE OF MINNESOTA, I. O. O. F., v. LAKESIDE LODGE NO. 105, I. O. O. F. AND ANOTHER.[1]

February 19, 1943.

No. 33,454.

*Oscar Hallam,* for appellant.
*H. N. Jenson,* for respondents.

LORING, JUSTICE.

This case comes here on appeal from an order denying the plaintiff's motion for amended findings or a new trial. We review only

[1]Reported in 8 N. W. (2d) 19.

the order denying a new trial. Plaintiff sought to set aside a conveyance and transfer of property and money from defendant lodge to the defendant corporation.

The facts are simple. Lakeside Lodge owned a vacant lot in the city of Detroit Lakes. It had approximately $11,000 of accumulated funds in its treasury. It owned no lodge hall in which to hold its meetings, but rented one, which apparently it did not consider suitable for its purposes. The members of Lakeside Lodge organized the defendant Odd Fellows Realty Company, Inc., which, in consideration of the conveyance to it of the vacant lot and a transfer to it of the funds above referred to, constructed a suitable building on the lot and gave the lodge a ten-year paid-up lease on the lodge hall in the building. The Grand Lodge challenges the conveyance and transfer as a violation of § 854 of its code of regulations for the government of subordinate lodges. That section reads as follows:

"No subordinate body of the Order shall have power or authority to dispose of its real or personal property and dissipate or distribute the same for the purpose of defeating the reversionary interest of the Grand Body, having jurisdiction over it, in such property, nor shall a subordinate body have power or authority to sell, convey or otherwise dispose of its real or personal property except for the purpose of applying the proceeds thereof to the uses and purposes of the Order."

The trial court found that the corporation was organized and the transaction consummated in entire good faith and without any intent to defraud plaintiff. By implication from its denial of plaintiff's motion for amended findings, the court also found that the transaction was without purpose of defeating the reversionary interest of the Grand Lodge and that any possibility of loss to plaintiff in its reversionary right is exceedingly remote. We think these findings are abundantly sustained by the evidence. Plaintiff's principal argument against the findings is that the deal between Lakeside Lodge and the corporation was an improvident one. It

may have been, but we do not regard improvidence, standing alone, as any ground for setting aside the transaction. In the absence of bad faith and wrongful purpose, we see no grounds for setting it aside. Under said § 854, a subordinate lodge is forbidden only to sell, convey, or otherwise dispose of its property "except for the purpose of applying the proceeds thereof to the uses and purposes of the order." Certainly, leasing a lodge hall is a purpose of the order.

The corporation organized by the members of Lakeside Lodge is a nonstock, nonprofit corporation. Its directors are elected annually by the members in good standing of the lodge, which appears to be a prosperous, going concern with a membership of approximately 80, which, in a community the size of Detroit Lakes, does not indicate senility. It is not to be presumed that the lodge will dissolve or that it contemplates dissolution.

By its control of the corporation through election of its board of directors, the local lodge can at all times prevent a disposition of the property inimical to its interests.

Plaintiff has failed to show itself entitled to the equitable relief which it seeks, the findings of the trial court are fully justified by the evidence, and the order denying a new trial is affirmed.

Affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.